1  GREENBERG TRAURIG, LLP
   TODD R. WULFFSON (SBN 150377)
2  3161 Michelson Drive, Suite 1000
   Irvine, California 92612
3  T: (949) 732-6500
   F: (949) 732-6501
4  Wulffsont@gtlaw.com

5  Attorneys for Defendant
   Wal-Mart Stores, Inc.

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11  ALADDIN ZACKARIA,                  Case No.  **EDCV11-01418 VAP (DTBx)**
    individually and on behalf of other
12  members of the general public       **NOTICE OF REMOVAL BY**
    similarly situated, and on behalf of **DEFENDANT WAL-MART**
13  aggrieved employees pursuant to the **STORES, INC. PURSUANT TO 28**
    Private Attorneys General Act        **U.S.C. SECTION 1332(D)(2) (CAFA)**
14  ("PAGA"),
                                         Complaint filed:  August 3, 2011
15              Plaintiffs,

16      vs.

17  WAL-MART STORES, INC., a
    Delaware corporation and DOES 1-
18  100, inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, 1453 Defendant WAL-MART STORES, INC. ("Defendant" or "Wal-Mart") hereby removes the action entitled *Zackaria, et al. v. Wal-Mart Stores, Inc., et al.,* Case No. CIVRS1107132, from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453.

## I.   GENERAL INFORMATION

1.   On August 3, 2011, Plaintiff Aladdin Zackaria filed a complaint entitled *Zackaria, et al. v. Wal-Mart Stores, Inc., et al.* in the Superior Court of the State of California, County of San Bernardino, Case No. RS1107132 (hereinafter the "State Court Action"). The State Court Action was brought as a class and representative action. Plaintiff alleges that Defendant misclassified current and former employees who worked as Asset Protection Coordinators ("APCs") in California stores as hourly, rather than salaried employees. Plaintiffs further allege that Defendant violated California law by, among other things, allegedly failing to pay Plaintiffs and the class minimum wages and overtime, failing to provide meal and rest breaks, and failing to keep appropriate records. Plaintiffs also seek penalties under various California statutes and regulations including: (a) the California Labor Code Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 *et seq.*; (b) California Code of Regulations 8 § 11070; and (c) Cal. Lab. Code § 210, as well as liquidated damages, interest, attorneys' fees and costs. Plaintiff seeks to certify a class of "[a]ll current and former California-based salaried 'Asset Protection Coordinators,' or persons who held similar job titles and/or performed similar job duties, who worked for Defendants within the State of California from four years preceding the filing of this Complaint to final judgment." (Complaint at ¶ 13). A true and correct copy of the Summons and

1   Complaint filed in the Superior Court of the State of California, County of San
2   Bernardino is attached hereto as Exhibit A.

3       2.      Defendant was served with the Summons and Complaint in the State
4   Court Action on August 8, 2011, via in person service on its registered agent in
5   California.

6       3.      Defendant Wal-Mart Stores, Inc. is the only named defendant in the State
7   Court Action.   The defendants designated as DOES 1 through 100 are fictitious
8   defendants, are not parties to the action, have not been named or served, and are
9   properly disregarded for the purpose of this removal. 28 U.S.C.. § 1441(a); *McCabe v.*
10  *Gen. Foods, Inc.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

11      4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) in that it is
12  filed within thirty days of August 8, 2011, the date Defendant was served with the
13  Complaint in the State Court Action. *Murphy Bros., Inc. v. Michetti Pipe Stringing,*
14  *Inc.*, 526 U.S. 344 (1999); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) (thirty
15  day removal period runs for all defendants from the date served with the original
16  complaint); *McAnally Enter., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1229 (C.D. Cal.
17  2000) (same).

18      5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §
19  1332(d)(2).

20      6.      Venue properly lies in the United States District Court for the Central
21  District of California because the State Court Action was filed in San Bernardino
22  County to 28 U.S.C. §§ 84(a) and 1391(a).

## II.    CLASS ACTION FAIRNESS ACT JURISDICTION

23
24      7.      Pursuant to § 4 of the Class Action Fairness Act of 2005 ("CAFA" or "the
25  Act"), 28 U.S.C. § 1332(d)(2):

26          The district courts shall have original jurisdiction of any
            civil action in which the matter in controversy exceeds the
27          sum or value of $5,000,000, exclusive of interest and costs,
            and is a class action in which – (A) any member of a class of
28          plaintiffs is a citizen of a State different from any defendant.

While there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none of them are applicable here.

8.    This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the defendant.  28 U.S.C. § 1332(d).

9.    As a preliminary matter, Defendant denies that it has any liability to Plaintiff or to the class he seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the Complaint.  Defendant also submits that this action does not satisfy the requirements for class certification under Fed. R. Civ. P. 23.  However, for purposes of removal jurisdiction, the Court must look to the allegations of the Complaint in determining whether the prerequisites to removal are satisfied.  Those allegations, though contested, demonstrate that the requirements of federal diversity jurisdiction under CAFA have been met.

## A.    The Proposed Class Contains At Least 100 Members.

10.    Plaintiff brings this action on his own behalf, and as a class and representative action.  (Complaint at ¶ 12).  Plaintiff seeks to represent a class of current and former APCs, or persons with similar titles or responsibilities who work or worked for Defendant in the State of California from August 3, 2007 continuing through the date of judgment.  (Complaint at ¶ 13).

11.    Plaintiff alleges that the proposed class that Plaintiff seeks to represent is "greater than 100 individuals."  Complaint at ¶ 15.a.

12.    In fact, from August 2007 through the present, approximately 400 individuals held the position of APC at Wal-Mart stores in the State of California. (Declaration of Ronald Lance ("Lance Decl."), ¶ 3).

**B.      Defendant Is Not A State, State Official Or Other Government Entity.**

13.    Wal-Mart is not a state, state official or other governmental entity.

**C.      Amount In Controversy.**

14.    Plaintiff seeks to recover compensatory damages on behalf of himself and a putative class for the alleged failure to pay minimum wage, overtime, provide meal periods and rest breaks and the failure to comply with various record keeping provisions of the California Labor Code.  Plaintiff and the putative class also see civil penalties under PAGA, liquidated damages, restitution and disgorgement of moneys allegedly owed, interest, costs and attorneys' fees.  The failure of the Complaint to specify the total amount claimed by Plaintiff and the class members does not deprive this Court of jurisdiction under CAFA.  Defendant need only establish that Plaintiff's claims exceed the jurisdictional amount by a preponderance of the evidence.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2006).  "If the jurisdictional amount is either stated clearly on the fact of the documents before the court, or readily deducible from them, then the court has jurisdiction."  *Lowery*, 483 F.3d at 1208-09.

15.    Defendant denies the validity of Plaintiff's claims and request for relief thereon, but the allegations in Plaintiff's Complaint and the claimed damages and penalties greatly exceed the jurisdictional minimum.

16.    Plaintiff alleges that the "'amount in controversy' for himself alone, including claims for compensatory damages, interest, penalties, and attorneys' fees is less than $75,000."  (Complaint at ¶ 1).  However, Plaintiff does not allege in the Compliant that the total amount in controversy for the proposed class is less than $5,000,000.  Further, the alleged amount in controversy for the named Plaintiff in his individual capacity is not dispositive of whether or not a class action meets the jurisdictional amount under CAFA.  Rather, the proper analysis is whether the aggregate amount in controversy for the proposed class exceeds $5,000,000.  *Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).

17.   As set forth above, from August 2007 through the present, approximately 400 individuals held the position of APC in the State of California.  (Lance Decl., ¶ 3).   Since the class definition contemplates that the class is not closed until final judgment, the size of the class will continue to grow.

18.   Given the size of the putative class, the amount in controversy for allegedly unpaid overtime and allegedly unpaid wages for hours that the putative class members may claim to have worked, plus the damages the putative class members may seek for allegedly missed meal period and missed rest breaks, plus the damages the putative class may seek for alleged record keeping violations, exceeds $5,000,000. Indeed, each of the 400 existing putative class members need only seek $12,500 in such collective damages to reach the $5,000,000 amount in controversy.

19.   The amounts above do not take into account Plaintiffs' claims for statutory penalties, liquidated damages, interest and attorneys' fees which further demonstrate that the $5,000,000 threshold has clearly been surpassed.   With respect statutory penalties, Plaintiff alleges that Defendants are liable for the following penalties for each putative class member:

a.   PAGA:  penalties at the rate of $100 for the first pay period in which an alleged violation occurred, and $200 for each subsequent pay period.  (Complaint at ¶ 80(a)).

b.   Cal. Code Reg. 8 § 11070: penalties at the rate of $50 for the first pay period in which an alleged violation occurred, and $100 for each subsequent pay period.  (Complaint at ¶ 80(b)).

c.   Cal. Lab. Code § 210: penalties at the rate of $100 for the first pay period in which an alleged violation occurred, and $200 for each subsequent pay period.  (Complaint at ¶ 80(c)).

Plaintiff alleges that these penalties are separately recoverable and are not overlapping.  (Complaint at ¶ 80)).  Employees at Wal-Mart are paid on a bi-weekly basis, which means there are 26 pay periods each year.  There have thus been at least

NOTICE OF REMOVAL                                6

104 pay periods during the four year putative class period. Assuming, solely for purposes of removal, that a violation occurred for each class member in only ten pay periods (or for two-and-one-half months), then the amount in controversy for the penalties alone would be $1,900,000; if a violation occurred in 26 pay periods (or for one year), then the amount in controversy for the penalties alone would be $5,100,000.

20. Plaintiffs also seek attorneys' fees under various California statutes. (Complaint, Prayer for Relief at ¶¶ 12, 14, 19). When allowed by applicable law, attorneys fees may be included in determining the amount in controversy. *See Lowdermilk* (holding that attorneys' fees authorized by state statute could be considered when calculating amount in controversy under CAFA).

21. Based on the allegations of the Complaint, the aggregate value of Plaintiffs' claims for allegedly unpaid wages, allegedly missed meal periods and rest breaks, statutory penalties, liquidated damages, interest and attorneys' fees exceeds the $5,000,000 threshold of 28 U.S.C. § 1332(d).

22. Defendant provides the foregoing calculations only to demonstrate that the amount in controversy in this case meets or exceeds the amount in controversy requirement of the Act. The calculations set forth herein are not, and should not, be construed as admissions with respect to any liability or damages aspect of this case or that any damages, penalties, attorneys' fees or other monies should be awarded to Plaintiff or the putative class.

**D.   Diversity.**

23. Defendant is informed and believes that Plaintiff Zackaria was at the time of commencing this action, and still is, a citizen of the State of California. (Complaint at ¶ 4).

24. To determine a company's principal place of business, the Court should apply the "nerve center" test. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010). The question is where "a corporation's officers direct, control and coordinate the

corporation's activities." Id. In practice, it "normally should be the place where the corporation maintains its headquarters...." Id.

25. Wal-Mart was, and still is, a corporation incorporated under the laws of the State of Delaware with its corporate headquarters in the State of Arkansas. Wal-Mart operates retail discount stores in all 50 states. (Lance Decl., ¶ 4).

26. Because Wal-Mart's corporate headquarters are in Arkansas, and its administrative and executive functions are performed at those headquarters, Arkansas is Wal-Mart's principal place of business.

27. Thus, Wal-Mart is a citizen of Delaware and Arkansas, and is not a citizen of the State of California.

28. Because Wal-Mart is a citizen of Delaware and Arkansas and Plaintiff is a citizen of California, CAFA's minimal diversity requirement is met.

## III.   CONCLUSION

29. For the reasons stated above, removal pursuant to CAFA, 28 U.S.C. § 1332(d)(2), is appropriate.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of San Bernardino.

31. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the removal of this action to Plaintiff by serving Plaintiffs' counsel.

32. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and order served upon Defendant are being filed with the Court contemporaneously with this Notice of Removal, as Exhibit "A". By filing this Notice of Removal, Defendant does not waive any jurisdictional objection or other defenses available to it under the law.

///

1   WHEREFORE, Defendant prays that the above action now pending against it in

2   the Superior Court of the State of California, County of San Bernardino, be removed

3   to this Honorable Court, and requests that this Court retain jurisdiction for all further

4   proceedings.

5   DATED: September  , 2011                     GREENBERG TRAURIG, LLP

6

7                                               By
                                                Attorneys for Defendant
8                                               Wal-Mart Stores, Inc.

    SAC 442,051,224v
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL                               9

A

0/00/00          08:39          FIRST LEGAL SUPPORT          (951) 779-0100

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**  WAL-MART STORES, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation and DOES 1 through 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

AUG - 3 2011

BY *Kimberly Karriam*
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**  ALADDIN ZACKARIA;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, and on behalf
of other members of the general public similarly situated, and on behalf of
aggrieved employees pursuant to the Private Attorneys General Act ("PAGA")

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Bernardino County Superior Court<br>Civil Division<br>8303 Haven Avenue<br>Rancho Cucamonga, California 91730-3848 | **CASE NUMBER:**<br>*(Número del Caso)* **CIVRS1107132** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

R. Rex Parris, Esq.; Alexander R. Wheeler, Esq.          (661) 949-2595          (661) 949-7524
Kitty Szeto, Esq.; Douglas Han, Esq.
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109, Lancaster, California 93534

DATE: AUG - 3 2011          Clerk, by *Kimberly Karriam*          Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

1   R. Rex Parris (SBN 96567)
    Alexander R. Wheeler (SBN 239541)
2   Kitty Szeto (SBN 258136)
    Douglas Han (SBN 232858)
3   R. REX PARRIS LAW FIRM
    42220 10th Street West, Suite 109
4   Lancaster, California 93534
    Telephone (661) 949-2595
5   Facsimile (661) 949-7524

6   Edwin Aiwazian (SBN 232943)
    THE AIWAZIAN LAW FIRM
7   410 West Arden Avenue, Suite 203
    Glendale, California 91203
8   Telephone (818) 265-1020
    Facsimile (818) 265-1021

9   *Attorneys for* Plaintiff and the Proposed Class

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

AUG – 3 2011

BY _Kimberly Karssen_
                        DEPUTY

10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                FOR THE COUNTY OF SAN BERNARDINO,

13

14   ALADDIN ZACKARIA; individually,          Case No.:        CIVRS1107132
     and on behalf of other members of the
15   general public similarly situated, and    CLASS ACTION COMPLAINT FOR
     on behalf of aggrieved employees          DAMAGES & ENFORCEMENT UNDER
16   pursuant to the Private Attorneys         THE PRIVATE ATTORNEYS GENERAL
     General Act ("PAGA");                     ACT, CALIFORNIA LABOR CODE
17                                             § 2698, ET SEQ.
              Plaintiff,
18                                             (1) Violation of California Labor Code §§
     vs.                                           510, 1194, and 1198 (Unpaid Minimum
19                                                 and Overtime Wages)
     WAL-MART STORES, INC., a                  (2) Violation of California Labor Code
20   Delaware corporation and DOES 1              §§ 2698, et seq. (California Labor Code
     through 100, inclusive,                       Private Attorneys General Act of 2004)
21                                             (3) Violation of California Business and
              Defendants.                          Professions Code §§ 17200, et seq.
22

23

24                                             DEMAND FOR JURY TRIAL

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Aladdin Zackaria ("Plaintiff"), individually, and on behalf of members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for Plaintiff, including claims for compensatory damages, interest, penalties, and attorneys' fees, is less than $75,000.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and transact business in the State of California, County of San Bernardino.  Plaintiff resides in the State of California, County of San Bernardino and the majority of the acts and omissions alleged herein relating to Plaintiff took place in the State of California, County of San Bernardino.

## PARTIES

5.      Plaintiff ALADDIN ZACKARIA ("Plaintiff") is an individual residing in the County of San Bernardino in the State of California.

1

6.      Defendant WAL-MART STORES, INC., at all times herein mentioned, was and is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, and transacts business throughout the State of California, including the County of San Bernardino.

7.      At all relevant times, Defendant WAL-MART STORES, INC. was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes

8.      At all times herein relevant, WAL-MART STORES, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.      WAL-MART STORES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as Defendants.

11.      Plaintiff further alleges that Defendants including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers and employers liable under

2

1   the statutory provisions set forth herein.

2   ## CLASS ACTION ALLEGATIONS

3       12.    Plaintiff brings this action on his own behalf and on behalf of all other

4   members of the general public similarly situated, and on behalf of aggrieved employees

5   pursuant to the California Private Attorneys General Act and, thus, seeks class

6   certification under Code of Civil Procedure section 382.

7       13.    The proposed class is defined as follows:

8           All current and former California-based salaried "Asset Protection

9           Coordinators," or persons who held similar job titles and/or performed

10           similar job duties, who worked for Defendants within the State of

11           California from four years preceding the filing of this Complaint to final

12           judgment.

13       14.    Plaintiff reserves the right to establish subclasses as appropriate.

14       15.    The class is ascertainable and there is a well-defined community of

15   interest in the litigation:

16           a.    Numerosity: The class members are so numerous that joinder of all

17           class members is impracticable.  The membership of the entire

18           class is unknown to Plaintiff at this time; however, the class is

19           estimated to be greater than 100 individuals and the identity of such

20           membership is readily ascertainable by inspection of Defendants'

21           employment records.

22           b.    Typicality: Plaintiff's claims are typical of all other class members'

23           as demonstrated herein.  Plaintiff will fairly and adequately protect

24           the interests of the other class members with whom he has a well-

25           defined community of interest.

26           c.    Adequacy: Plaintiff will fairly and adequately protect the interests

27           of each class member, with whom he has a well-defined

28           community of interest and typicality of claims, as demonstrated

3

1   herein.  Plaintiff has no interest that is antagonistic to the other

2   class members.  Plaintiff's attorneys, the proposed class counsel,

3   are versed in the rules governing class action discovery,

4   certification, and settlement.  Plaintiff has incurred, and during the

5   pendency of this action will continue to incur, costs and attorneys'

6   fees, that have been, are, and will be necessarily expended for the

7   prosecution of this action for the substantial benefit of each class

8   member.

9        d.   <u>Superiority</u>: A class action is superior to other available methods

10          for the fair and efficient adjudication of this litigation because

11          individual joinder of all class members is impractical.

12        e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class

13          action will advance public policy objectives.  Employers of this

14          great state violate employment and labor laws every day.  Current

15          employees are often afraid to assert their rights out of fear of direct

16          or indirect retaliation.  However, class actions provide the class

17          members who are not named in the complaint anonymity that

18          allows for the vindication of their rights.

19     16.   There are common questions of law and fact as to the class members that

20   predominate over questions affecting only individual members.  The following common

21   questions of law or fact, among others, exist as to the members of the class:

22        a.   Whether Defendants' failure to pay wages, without abatement or

23          reduction, in accordance with the California Labor Code, was

24          willful;

25        b.   Whether Defendants' California based salaried "Asset Prevention

26          Coordinators," or persons who held similar job titles and/or

27          performed similar job duties, were classified as "exempt" in

28          violation of California law;

4

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants deprived Plaintiff and the other class members of meal periods or required Plaintiff and the other class members to work during meal periods without compensation;

e.  Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation;

f.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members;

g.  Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.  Whether Defendants' conduct was willful or reckless;

k.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

l.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

5

0/00/00      08:39      FIRST LEGAL SUPPORT      (951) 779-010(

## GENERAL ALLEGATIONS

17.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as salaried employees within the State of California, County of San Bernardino.

18.    Defendants, jointly, have employed Plaintiff as an "Asset Protection Coordinator," since April 3, 2008 in the State of California, County of San Bernardino.

19.    Defendants hired Plaintiff and the other class members, misclassified them as "exempt" employees, and paid them on a salary basis, without any compensation for overtime hours worked, missed meal periods or rest breaks.

20.    Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

21.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.    Defendants continue to employ "exempt" or salary paid employees within the State of California.

24.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practices.

25.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practices.

6

26. Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their California-based salaried "Asset Prevention Coordinators." This scheme involved, *inter alia*, misclassifying these positions as "exempt" for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" employees according to California law.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

7

1   members' regular rate of pay when a rest period was missed.

2        32.   Plaintiff is informed and believes, and based thereon alleges, that

3   Defendants knew or should have known that Plaintiff and the other class members were

4   entitled to receive at least minimum wages for compensation and that they were not

5   receiving at least minimum wages for all hours worked.

6        33.   Plaintiff is informed and believes, and based thereon alleges, that

7   Defendants knew or should have known that Plaintiff and the other class members were

8   entitled to receive all wages owed to them during their employment.  Plaintiff and the

9   other class members did not receive payment of all wages, including overtime and

10  minimum wages and meal and rest period premiums, within any time permissible under

11  California Labor Code section 204.

12       34.   Plaintiff is informed and believes, and based thereon alleges, that

13  Defendants knew or should have known that Plaintiff and the other class members were

14  entitled to receive complete and accurate wage statements in accordance with California

15  law, but, in fact, they did not receive complete and accurate wage statements from

16  Defendants.  The deficiencies included, *inter alia*, the failure to include the total

17  number of hours worked by Plaintiff and the other class members.

18       35.   Plaintiff is informed and believes, and based thereon alleges, that

19  Defendants knew or should have known that Defendants had to keep complete and

20  accurate payroll records for Plaintiff and the other class members in accordance with

21  California law, but, in fact, did not keep complete and accurate payroll records.

22       36.   Plaintiff is informed and believes, and based thereon alleges, that

23  Defendants knew or should have known that they had a duty to compensate Plaintiff

24  and the other class members pursuant to California law, and that Defendants had the

25  financial ability to pay such compensation, but willfully, knowingly, and intentionally

26  failed to do so, and falsely represented to Plaintiff and the other class members that they

27  were properly denied wages, all in order to increase Defendants' profits.

28       37.   At all material times set forth herein, Defendants failed to pay overtime

8

1  wages to Plaintiff and the other class members.  Plaintiff and the other class members

2  were required to work more than eight (8) hours per day and/or forty (40) hours per

3  week without overtime compensation.

4       38.    At all material times set forth herein, Defendants failed to provide all

5  requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

6       39.    At all material times set forth herein, Defendants failed to pay Plaintiff

7  and the other class members at least minimum wages for all hours worked.

8       40.    At all material times set forth herein, Defendants regularly and

9  consistently failed to pay Plaintiff and the other class members wages within any time

10  permissible under California law, including, *inter alia*, California Labor Code section

11  204.

12       41.    At all material times set forth herein, Defendants regularly and

13  consistently failed to provide complete and accurate wage statements to Plaintiff and

14  the other class members.

15       42.    At all material times set forth herein, Defendants regularly and

16  consistently failed to keep complete and accurate payroll records for Plaintiff and the

17  other class members.

18       43.    At all material times set forth herein, Defendants regularly and

19  consistently failed to properly compensate Plaintiff and the other class members

20  pursuant to California law in order to increase Defendants' profits.

21       44.    California Labor Code section 218 states that noting in Article 1 of the

22  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages

23  or penalty due to him [or her] under this article."

24       45.    California Labor Code sections 2698 et seq., the "Labor Code Private

25  Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for

26  various civil penalties under the California Labor Code.

27       46.    Plaintiff has timely provided notice to the California Labor and Workforce

28  Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code

9

section 2699.3(a).

47.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

48.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

49.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

50.    Plaintiff was employed by Defendants and the alleged violations were committed against them during their time of employment and they are, therefore, aggrieved employees.  Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

51.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.    The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it

10

does not intend to investigate the alleged violation within thirty
(30) calendar days of the postmark date of the Employee's Notice.
Upon receipt of the LWDA Notice, or if the LWDA Notice is not
provided within thirty-three (33) calendar days of the postmark
date of the Employee's Notice, the aggrieved employee may
commence a civil action pursuant to California Labor Code section
2699 to recover civil penalties in addition to any other penalties to
which the employee may be entitled.

52.    On August 1, 2011, Plaintiff provided written notice by U.S. Certified
Mail to the LWDA and to Defendants of the specific provisions of the California Labor
Code alleged to have been violated, including the facts and theories to support the
alleged violations. Therefore, the administrative prerequisites under California Labor
Code section 2699.3(a) to recover civil penalties against Defendants, in addition to
other remedies, for violations of California Labor Code sections 201, 202, 203, 204,
226(a), 226.7, 510, 512(a), 1174(d), and 1194, 1197, 1197.1, and 1198 will have been
satisfied.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194, and 1198

### (Against WAL-MART STORES, INC., and DOES 1 through 100)

53.    Plaintiff incorporates by reference the allegations contained in paragraphs
1 through 50, and each and every part thereof with the same force and effect as though
fully set forth herein.

54.    At all relevant times, California Labor Code sections 1194, 1197, and
1197.1 provided that the minimum wage for employees fixed by the Industrial Welfare
Commission is the minimum wage to be paid to employees, and the payment of a lesser
wage than the minimum so fixed is unlawful.

55.    California Labor Code section 1194 and 1198 and the applicable
Industrial Welfare Commission ("IWC") Wage Order further provided that it was

11

1 unlawful to employ persons without compensating them at a rate of pay time-and-one-
2 half or two-times that person's regular rate of pay, depending on the number of hours
3 worked by the person on a daily or weekly basis.

4    56.    Specifically, the applicable IWC Wage Order provides that Defendants
5 are and were required to pay Plaintiff and the other class members employed by
6 Defendants, and working more than eight (8) hours in a day or more than forty (40)
7 hours in a workweek, at a rate of time-and-one-half for all hours worked in excess of
8 eight (8) hours in a day or more than forty (40) hours in a workweek.

9    57.    California Labor Code section 510 codifies the right to overtime
10 compensation at one-and-one-half times the regular hourly rate for hours worked in
11 excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8)
12 hours worked on the seventh day of work, and to overtime compensation at twice the
13 regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess
14 of eight (8) hours in a day on the seventh day of work.

15    58.    During the relevant time period, Plaintiff and the other class members
16 were not paid for all the hours they worked.

17    59.    During the relevant time period, Plaintiff and the other class members
18 were not paid at least minimum wage compensation for all hours worked.

19    60.    During the relevant time period, Plaintiff and the other class members
20 were not paid overtime compensation for the hours they worked in excess of eight (8)
21 hours in a day and/or forty (40) hours in a week.

22    61.    During the relevant time period, Defendants willfully failed to pay
23 minimum wages to Plaintiff and the other class members as required, pursuant to
24 California Labor Code sections 1194, 1197, and 1197.1.

25    62.    During the relevant time period, Defendants willfully failed to pay all
26 overtime wages owed to Plaintiff and the other class members as required, pursuant to
27 California Labor Code sections 510, 1194 and 1198.

28    63.    Defendants' failure to pay Plaintiff and the other class members the

12

1  minimum wage as required violates California Labor Code sections 1194, 1197, and

2  1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to

3  recover the unpaid balance of their minimum wage compensation as well as interest,

4  costs, and attorneys' fees, and liquidated damages in an amount equal to the wages

5  unlawfully unpaid and interest thereon.

6        64.    Defendants' failure to pay Plaintiff and the other class members the unpaid

7  balance of overtime compensation, as required by California laws, violates the

8  provisions of California Labor Code sections 510, 1194, and 1198, and is therefore

9  unlawful.

10        65.    Pursuant to California Labor Code section 1194, Plaintiff and the other

11  class members are entitled to recover their unpaid minimum wages and overtime

12  compensation, as well as interest, costs, and attorneys' fees.

13        66. ·   Pursuant to California Labor Code section 1197.1, Plaintiff and the other

14  class members are entitled to recover a penalty of one hundred dollars ($100) for the

15  initial failure to timely pay each employee minimum wages, and two hundred and fifty

16  dollars ($250) for each subsequent failure to pay each employee minimum wages.

17        67.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other

18  class members are entitled to recover liquidated damages in an amount equal to the

19  wages unlawfully unpaid and interest thereon.

20        68.    Pursuant to civil penalties provided for in California Labor Code section

21  2699(a), (f) and (g), the State of California, Plaintiff and the other aggrieved employees

22  are entitled to recover civil penalties plus costs and attorneys' fees for violation of

23  California Labor Code sections 510, 1194, 1197, 1197.1 and 1198.

24                        <u>SECOND CAUSE OF ACTION</u>

25             Violation of California Labor Code § 2698, *et seq.*

26        (Against WAL-MART STORES, INC. and DOES 1 through 100)

27        69.    Plaintiff incorporates by reference the allegations contained in paragraphs

28  1 through 68, and each and every part thereof with the same force and effect as though

13

1  fully set forth herein.

2      70.    PAGA expressly establishes that any provision of the California Labor

3  Code which provides for a civil penalty to be assessed and collected by the LWDA, or

4  any of its departments, divisions, commissions, boards, agencies or employees for a

5  violation of the California Labor Code, may be recovered through a civil action brought

6  by an aggrieved employee on behalf of himself or herself, and other current or former

7  employees.

8      71.    Whenever the LWDA, or any of its departments, divisions, commissions,

9  boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil

10  action is authorized to exercise the same discretion, subject to the same limitations and

11  conditions, to assess a civil penalty.

12      72.    Plaintiff and the other salaried employees are "aggrieved employees" as

13  defined by California Labor Code section 2699(c) in that they are all current or former

14  employees of Defendants, and one or more of the alleged violations was committed

15  against them.

<h3 style="text-align:center">Failure to Pay Overtime</h3>

17      73.    Defendants' failure to pay legally required overtime wages to Plaintiff and

18  the other aggrieved employees is in violation of the Wage Orders and constitutes

19  unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

<h3 style="text-align:center">Failure to Provide Meal Periods</h3>

21      74.    Defendants' failure to provide legally required meal periods to Plaintiff

22  and the other aggrieved employees is in violation of the Wage Orders and constitutes

23  unlawful or unfair activity prohibited by California Labor Code sections 226.7 and

24  512(a).

<h3 style="text-align:center">Failure to Provide Rest Periods</h3>

26      75.    Defendants' failure to provide legally required rest periods to Plaintiff and

27  the other aggrieved employees is in violation of the Wage Orders and constitutes

28  unlawful or unfair activity prohibited by California Labor Code section 226.7.

14

### Failure to Pay Minimum Wages

76. Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages During Employment

77. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Provide Complete and Accurate Wage Statements

78. Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

79. Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

80. Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, request and are entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

        a.     Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay

15

period for the initial violation, and two hundred dollars ($200) for
each aggrieved employee per pay period for each subsequent
violation;

b.   Penalties under California Code of Regulations Title 8 section 11070
in the amount of fifty dollars ($50) for each aggrieved employee per
pay period for the initial violation, and one hundred dollars ($100)
for each aggrieved employee per pay period for each subsequent
violation;

c.   Penalties under California Labor Code section 210 in addition to,
and entirely independent and apart from, any other penalty provided
in the California Labor Code in the amount of a hundred dollars
($100) for each aggrieved employee per pay period for the initial
violation, and two hundred dollars ($200) for each aggrieved
employee per pay period for each subsequent violation; and

d.   Any and all additional penalties and sums as provided by the
California Labor Code and/or other statutes.

81.    Pursuant to California Labor Code section 2699(i), civil penalties
recovered by aggrieved employees shall be distributed as follows: seventy-five percent
(75%) to the Labor and Workforce Development Agency for the enforcement of labor
laws and education of employers and employees about their rights and responsibilities
and twenty-five percent (25%) to the aggrieved employees.

82.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees
and costs pursuant to California Labor Code sections 2699, 218.5, and 210 and any
other applicable statute.

///
///
///
///

16

## THIRD CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Against WAL-MART STORES, INC. and DOES 1 through 100)

83.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.     Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors.  Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

85.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

86.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code section 204.  Defendants also violated California Labor Code sections 226(a), and 1174(d).

### Failure to Pay Overtime

87.     Defendants' failure to pay overtime in violation of the Wage Orders and California Labor Code sections 510 and 1198, as alleged above, constitutes unlawful

17

1   and/or unfair activity prohibited by California Business & Professions Code section

2   17200, et seq.

### Failing to Provide Meal Periods

4        88.    Defendants' failure to provide legally required meal periods in violation

5   of the Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged

6   above, constitutes unlawful and/or unfair activity prohibited by California Business &

7   Professions Code section 17200, et seq.

### Failure to Provide Rest Periods

9        89.    Defendants' failure to provide legally required rest periods in violation of

10   the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes

11   unlawful and/or unfair activity prohibited by California Business & Professions Code

12   section 17200, et seq.

### Failure to Pay Minimum Wages

14        90.    Defendants' failure to pay minimum wages in violation of the Wage

15   Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged above,

16   constitutes unlawful and/or unfair activity prohibited by California Business &

17   Professions Code section 17200, et seq.

### Failure to Timely Pay Wages During Employment

19        91.    Defendants' failure to timely pay wages during employment in violation

20   of California Labor Code section 204, as alleged above, constitutes unlawful and/or

21   unfair activity prohibited by California Business & Professions Code section

22   17200, et seq.

### Failure to Provide Compliant Wage Statements

24        92.    Defendants' failure to provide compliant wage statements in violation of

25   California Labor Code section 226(a), as alleged above, constitutes unlawful and/or

26   unfair activity prohibited by California Business & Professions Code section

27   17200, et seq.

28   ///

18

**Failure to Keep Complete and Accurate Payroll Records**

93.    Defendants' failure to keep complete and accurate payroll records in violation of California Labor Code section 1174(d), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code section 17200, et seq.

94.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

95.    Plaintiff and the other class members have been personally injured and continue to be injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

96.    Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendants pursuant to California Labor Code sections 510 and 1198.

97.    Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences on July 29, 2007; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

19

1.     For damages, restitution, and penalties, and total recovery as a result of this lawsuit in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.     That this action be certified as a class action;

3.     That Plaintiff be appointed as the representative of the Class;

4.     That counsel for Plaintiff be appointed as Class Counsel; and

5.     That Defendants provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

### As to the First Cause of Action

6.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510, 1194, 1197, 1197.1, 1198 and applicable IWC Wage Orders by willfully failing to pay all minimum and overtime wages due to Plaintiff and the other class members;

7.     For general unpaid wages, unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

8.     For pre-judgment interest on any unpaid minimum wages and overtime compensation commencing from the date such amounts were due;

9.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

10.     For liquidated damages pursuant to California Labor Code section 1194.2;

11.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

12.     For civil penalties pursuant to California Labor Code sections 2699(a), (f) and (g) plus costs and attorneys' fees for violation of California Labor Code sections 510 1194, 1197, 1197.1 and 1198; and

13.     For such other and further relief as the Court may deem equitable and

1    appropriate.

2                          **As to the Third Cause of Action**

3            14.    For civil penalties pursuant to California Labor Code sections 2699(a), (f)

4    and (g) plus costs and attorneys' fees for violation of California Labor Code sections 201,

5    203, 203, 204, 226(a). 226.7, 510, 512(a), 1174(d), 1194, 1197(d), 1197.1, and 1198.

6            15.    For such other and further relief as the Court may deem equitable and

7    appropriate.

8                          **As to the Third Cause of Action**

9            16.    That the Court declare, adjudge and decree that Defendants violated

10   California Business and Professions Code section 17200, et seq. by failing to provide

11   Plaintiff and the other class members all overtime compensation due to them, failing to

12   provide all meal and rest periods to Plaintiff and the other class members, failing to pay

13   for all missed meal and rest periods to Plaintiff and the other class members, failing to

14   pay all minimum wages due to Plaintiff and the other class members, failing to pay

15   Plaintiff's and other class members' wages timely as required by California Labor Code

16   section 204, failing to provide Plaintiff and other class members with complete and

17   accurate wage statements, and failing to keep complete and accurate payroll records.

18   For all actual, consequential, and incidental losses and damages, according to proof;

19           17.    For restitution of unpaid wages and other monies wrongfully withheld and

20   retained by Defendants to Plaintiff and the other class members and prejudgment

21   interest from the day such amount were due and payable;

22           18.    For the appointment of a receiver to receive, manage and distribute any

23   and all funds disgorged from Defendants and determined to have been wrongfully

24   withheld acquired by Defendants as a result of violations of California Business &

25   Professions Code section 17200, et seq.;

26           19.    For reasonable attorneys' fees and costs of suit incurred herein that

27   Plaintiff and the other class members are entitled to recover under California Code of

28   Civil Procedure section 1021.5; and

                                              21

0/00/00     08:39     FIRST LEGAL SUPPORT     (951) 779-0100

20.    For such other and further relief as the Court may deem equitable and appropriate.

DATED:  August 1, 2011                      THE AIWAZIAN LAW FIRM


By: _____
        Edwin Aiwazian
        *Attorneys for* Plaintiff and the Proposed Class

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the members of the public similarly situated, hereby demands a jury trial.

DATED:  August 1, 2011                    THE AIWAZIAN LAW FIRM

By: _____
    Edwin Aiwazian
    *Attorneys for* Plaintiff and the Proposed Class

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

     I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

     On the below date, I served **DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL**

     R. Rex Parris, Esq.
     Alexander R. Wheeler, Esq.
     R. REX PARRIS LAW FIRM
     42220 10th Street West, Suite 109
     Lancaster, California 93534
     Tel: (661) 949-2595
     Fax: (661) 949-7524
     Attorneys for Plaintiff

☒ **[BY OVERNIGHT COURIER]** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of times for delivery by overnight courier. The foregoing sealed envelope was placed for collection and overnight delivery by Fedex this date consistent with the ordinary business practice of my employment, so that it will be picked up this date with delivery charges fully prepaid at Irvine, California, and delivered the following business day in the ordinary course of business.

☒ **(FEDERAL)**
     I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

     Executed on September 7, 2011, at Irvine, California.

                                  Stacey Sautter

SAC 442,051,387v1