1  R. Rex Parris (Cal. State Bar No. 96567)
        *rrparris@rrexparris.com*
2  Alexander R. Wheeler (Cal. State Bar No. 239541)
        *awheeler@rrexparris.com*
3  Kitty K. Szeto (Cal. State Bar No. 258136)
        *kszeto@rrexparris.com*
4  Douglas Han (Cal. State Bar No. 232858)
        *dhan@rrexparris.com*
5  **R. REX PARRIS LAW FIRM**
   42220 10th Street West, Suite 109
6  Lancaster, California 93534
   Telephone:  (661) 949-2595
7  Facsimile:  (661) 949-7524

8  Edwin Aiwazian (Cal. State Bar No. 232943)
        *edwin@aiwazian.com*
9  Arby Aiwazian (Cal. State Bar No. 269827)
        *arby@aiwazian.com*
10 Jill J. Parker (Cal. State Bar No.  274230)
        *jill@aiwazian.com*
11 Maria F. Nickerson (Cal. State Bar No. 274225)
        *maria@aiwazian.com*
12 **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
13 Glendale, California 91203
   Telephone:  (818) 265-1020
14 Facsimile:  (818) 265-1021

15 *Attorneys for* Plaintiff

16              **UNITED STATES DISTRICT COURT**
17     **CENTRAL DISTRICT OF CALIFORNIA –EASTERN DIVISION**

18  ALADDIN ZACKARIA, individually,          Case No. EDCV11-01418 VAP
    and on behalf of other members of the    (DTBx)
19  general public similarly situated, and on
    behalf of aggrieved employees pursuant    Honorable Virginia A. Phillips
20  to the Private Attorneys General Act
    ("PAGA");                                 **CLASS ACTION**
21
              Plaintiff,                      **PLAINTIFF'S NOTICE OF**
22                                            **MOTION AND MOTION TO**
       vs.                                    **REMAND; MEMORANDUM OF**
23                                            **POINTS AND AUTHORITIES IN**
    WAL-MART STORES, INC., a                  **SUPPORT THEREOF**
24  Delaware corporation; and DOES 1
    through 100, inclusive,
25                                            Date:  November 7, 2011
              Defendants.                     Time:  2:00 p.m.
26                                            Place:  Courtroom 2
27                                            Complaint Filed: August 3, 2011
28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  **TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE** that on November 7, 2011 at 2:00 p.m. or as
3  soon thereafter as the matter may be heard, in the Courtroom of the Honorable
4  Virginia A. Phillips in the United States Courthouse, located at 3470 Twelfth
5  Street, Riverside, California, 92501, Plaintiff Aladdin Zackaria ("Plaintiff") will
6  and hereby does move for an order remanding this action to the San Bernardino
7  County Superior Court.

8  Plaintiff moves for remand under 28 U.S.C. § 1447 on the ground that this
9  Court lacks removal jurisdiction over this case.  Defendant Wal-Mart Stores, Inc.
10  improvidently removed this action from state court by failing to meet its burden of
11  proof to show that the amount in controversy exceeds the sum of $5,000,000.
12  Furthermore, this Court should not exercise jurisdiction over the Private Attorneys
13  General Act ("PAGA") claim because the federal courts lack jurisdiction over a
14  PAGA claimant.

15  Plaintiff's motion is based on this Notice; the Memorandum of Points and
16  Authorities; all other pleadings and papers on file in this action; and any oral
17  argument or other matter that may be considered by this Court.

18  This motion is made following the conference to counsel pursuant to Local
19  Rule 7-3, which took place on September 13, 2011.

20

21  DATED:  September 30, 2011          **LAWYERS *for* JUSTICE, PC**

22

23  By: _____
24  Jill J. Parker
   *Attorneys for* Plaintiff

25
26
27
28

1

# **TABLE OF CONTENTS**

2

I.     INTRODUCTION..................................................................................1

3

II.    STATEMENT OF FACTS ....................................................................2

4

III.   STANDARD OF LAW..........................................................................3

5

       A.   The Ninth Circuit Applies A Strong Presumption Against
6           Removal. ....................................................................................3

7      B.   Removing Defendants Bear The Burden To Prove That The
            Amount In Controversy Exceeds The Jurisdictional Amount..............4

8      C.   Only The Complaint And "Summary Judgment Type Evidence"
            May Be Used To Prove The Amount In Controversy. ........................5
9

IV.    ARGUMENT ........................................................................................6
10

11     A.   Defendant Fails To Establish CAFA Jurisdiction Because
            Defendant Cannot Meet Its Burden To Prove That The
12          Requisite Amount In Controversy Is Met.................................6

13     B.   The Court Should Not Exercise Jurisdiction Over The PAGA
            Claim Because Plaintiffs Are Acting As The Private Attorneys
            General Of The State Of California In An Action To Collect
14          Civil Penalties For The State. ............................................... 10

15          i.    Plaintiff pursues this action as a representative action
                  under PAGA ................................................................. 10
16

17          ii.   A PAGA claimant is an alter ego or agent of the State of
                  California ..................................................................... 11

18          iii.  Federal courts lack jurisdiction over a PAGA claimant........... 13

19     V.    CONCLUSION .................................................................................. 15

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

i

# TABLE OF AUTHORITIES

**Cases**

28 U.S.C. § 1447(c) ............................................................................ 11

*Arias v. The Superior Cour of San Joaquin County*, et al., 2009 Cal. LEXIS 6017 .........11

*Bartnikowski v. NVR, Inc.*, 2008 WESTLAW 2512839 (M.D.N.C. 2008) .........................4

Cal. Lab. Code § 2698 ........................................................................ 11

Cal. Lab. Code § 2699(e)(1) ............................................................... 11

*Campbell v. Vitran Express, Inc.* 2010 U.S. Dist. LEXIS 132071 (C.D. Cal. 2010) ........10

*Dupre v. GM*, 2010 U.S. Dist. LEXIS 95049 (C.D. Cal. 2010) ................................... 6, 7

*Franco v. Athens Disposal Co., Inc.*, 171 Cal. App. 4th 1277 (2009) ....................... 12, 13

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .......................................... passim

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007) ................................. 4

*Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008) ...................... 5

*Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) ......... 12

*Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2006) .................................... 8, 9

*Martinez v. Morgan Stanley & Co.*, 2010 U.S. Dist. LEXIS 80797, \*12-13 (S.D. Cal. 2010) ............................................................................................ 7

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (U.S. 1996) ........................... 11

*Raich v. Gonzales*, 500 F.3d 850, 866-67 (9th Cir. 2007) .................................... 14

*Sample v. Big Lots Stores, Inc.*, 2010 U.S. LEXIS 131130 (N.D. Cal. 2010) .................. 14

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996) ........................... 4

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) ................... 3

*Zator v. Sprint/United Management Company*, 2011 U.S. Dist. LEXIS 33383 (S.D. Cal. 2011.) ........................................................................................... 14

**State Statutes**

California Business & Professions Code § 17200 ............................................... 2

California Labor Code § 1194 .................................................................. 2

California Labor Code § 2698 ............................................................... 2, 11, 12

California Labor Code § 2699 .............................................................. 11, 12, 13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

**Federal Statutes**

2   28 U.S.C. § 1332(d)(2) ................................................................ 1, 2, 4, 10, 11

3   28 U.S.C. § 1367 ..................................................................................... 14

4   28 U.S.C. § 1447(c) ......................................................................... 1, 11, 14

5   Fed. R. Civ. P. 12(h)(3) .............................................................................. 1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is a California putative class action brought by Plaintiff Aladdin Zackaria ("Plaintiff"), individually; on behalf of members of the general public similarly situated; and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") against Defendant Wal-Mart Stores, Inc. ("Defendant"). Plaintiff alleges that Defendant failed to pay him and the putative class members minimum wages and otherwise failed to treat them in the manner required by California wage-and-hour law.

Defendant removed this action based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA") jurisdiction. Plaintiff seeks an order to remand this case to state court because Defendant failed to prove that the federal jurisdictional amount in controversy of $5,000,000 is met. Defendant failed to provide even one single employment record to support its amount in controversy calculations. Indeed, Defendant's evidence submitted in support of its Notice of Removal consists solely of a five sentence declaration from one of its Senior Directors testifying that the size of the putative class is approximately 400 individuals. This paltry offering is categorically insufficient for Defendant to meet its heavy burden to prove the amount in controversy by a preponderance of the evidence. Moreover, this Court should not exercise jurisdiction over Plaintiff's PAGA claim because federal courts lack jurisdiction over a PAGA claimant.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Therefore, pursuant to 28 U.S.C. § 1447(c), this Court must remand this case to the San Bernardino County Superior Court, where it was originally filed and where it rightfully belongs.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## II. STATEMENT OF FACTS

On August 3, 2011, Plaintiff filed this putative class action against Defendant in the San Bernardino County Superior Court. (*See* Complaint attached as "Exhibit A" to Defendant's Notice of Removal.) The Complaint alleges three causes of action for violations of California Labor Code §§ 510, 1194, and 1198; California Labor Code § 2698; and California Business & Professions Code § 17200. (*See generally* Complaint.) In particular, the Complaint alleges failure to pay overtime; provide meal and rest periods; pay minimum wages; timely pay wages; provide compliant wage statements; and keep complete and accurate payroll records. (*See generally* Complaint.) The Complaint defines the putative class as follows: "All current and former California-based salaried 'Asset Protection Coordinators,' or persons who held similar job titles and/or performed similar job duties, who worked for Defendants within the State of California from [August 3, 2007] to final judgment." (Complaint, 3:8-12.)

On September 7, 2011, Defendant filed a Notice of Removal under 28 U.S.C. § 1332(d)(2). Relying solely on speculative and inflated assumptions, Defendant claims that the requisite amount in controversy of $5,000,000, excluding interest and costs, is met under § 1332(d)(2). However, Defendant's conjectural and overstated calculations do not sustain its burden of proof to show that the amount in controversy is met, under either the legal certainty standard or the preponderance of the evidence standard. The Ninth Circuit clearly requires summary judgment type evidence to support all assertions regarding the amount in controversy and provides that assertions that include speculation or conjecture will not suffice. Here, Defendant pleads alleged statutory penalties and an alleged number of class members in its Notice of Removal with providing scant admissible evidence. Moreover, Defendant makes no attempt whatsoever to calculate amounts in controversy for unpaid wages, overtime, and meal and rest breaks, and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   for record keeping violations. Thus, Defendant fails to carry its burden to establish

2   that the amount in controversy exceeds $5,000,000 under either standard.

3       Assuming, *arguendo*, that Defendant could meet its burden to prove that

4   removal jurisdiction is proper, which it has not, this court still should not exercise

5   jurisdiction over the PAGA claim. Plaintiff is acting as the alter ego of the State of

6   California to collect civil penalties for the state. As such, this Court no longer has

7   jurisdiction under the CAFA and under abstention principles.

8       On September 13, 2011, Plaintiff sent counsel for Defendant a meet and

9   confer letter explaining why Defendant's removal was improper. (Declaration of

10  Edwin Aiwazian, ¶ 5.) On September 20, 2011, counsel for Defendant responded

11  to that letter with a letter indicating Defendant's refusal to withdraw its Notice of

12  Removal and stipulate to remanding this action back to the San Bernardino

13  Superior Court. (Declaration of Edwin Aiwazian, ¶ 6.) As such, this Motion to

14  Remand was necessary. (Declaration of Edwin Aiwazian, ¶ 7.)

15      There are serious doubts about the propriety of Defendant's removal. This

16  Court cannot base its subject-matter jurisdiction on Defendant's speculative and

17  unsubstantiated assumptions about the amount in controversy, and should not

18  exercise jurisdiction over the PAGA claim. Thus, this case must be remanded to

19  state court.

20  **III.   STANDARD OF LAW**

21      A.   <u>**The Ninth Circuit Applies A Strong Presumption Against**</u>

22           <u>**Removal.**</u>

23      Courts in the Ninth Circuit strictly construe removal statutes against removal

24  jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing

25  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Northwestern Nat'l*

26  *Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). Indeed, "[f]ederal jurisdiction

27  must be rejected if there is any doubt as to the right of removal in the first

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  instance." *Gaus,* 980 F.2d at 566; *see also Bartnikowski v. NVR, Inc.,* 2008

2  WESTLAW 2512839 (M.D.N.C. 2008), *aff'd,* 307 Fed.Appx. 730 (4th Cir. 2009)

3  ("If the propriety of federal jurisdiction is doubtful, a remand is necessary").   "The

4  'strong presumption' against removal jurisdiction means that the defendant always

5  has the burden of establishing that removal is proper." *Guas,* 980 F.2d at 566.

6  This applies equally to removal under CAFA jurisdiction.    *See Sneddon v.*

7  *Hotwire,, Inc.,* 2005 U.S. Dist. LEXIS 13257, *5 (N.D. Cal. 2005).   The Ninth

8  Circuit has held, "[U]nder CAFA the burden of establishing removal jurisdiction

9  remains, as, before, on the proponent of federal jurisdiction." *Abrego Abrego v.*

10  *The Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006).

11      **B.**    **Removing Defendants Bear The Burden To Prove That The**

12             **Amount In Controversy Exceeds The Jurisdictional Amount.**

13      "[W]here a plaintiff's state court complaint does not specify a particular

14  amount of damages, the removing defendant bears the burden of establishing, by a

15  preponderance of the evidence, that the amount in controversy exceeds [the

16  jurisdictional amount].   Under this burden, the defendant must provide evidence

17  establishing that it is 'more likely than not' that the amount in controversy exceeds

18  that amount." *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.

19  1996).  Because Plaintiff's Complaint specifies only that the amount in controversy

20  for Plaintiff individually is less than $75,000 and that the total recovery for the

21  putative class exceeds $25,000, the preponderance of the evidence standard

22  applies. (*See generally* Complaint); *see also Guglielmino v. McKee Foods Corp.,*

23  506 F.3d 696, 699 (9th Cir. 2007) ("[W]here it is unclear or ambiguous from the

24  face of a state-court complaint whether the requisite amount in controversy is pled.

25  . . . we apply the preponderance of the evidence standard.")  CAFA jurisdiction

26  requires that the aggregate amount in controversy exceed $5,000,000, exclusive of

27  interest and costs.   28 U.S.C. § 1332(d)(2).   In order to establish removal

28

jurisdiction pursuant to CAFA, Defendant bears the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

**C.**  **Only The Complaint And "Summary Judgment Type Evidence"**
**May Be Used To Prove The Amount In Controversy.**

Defendant, in attempting to satisfy its burden, must do so with nothing less than competent evidence. *See Gaus,* 980 F.2d at 567 (jurisdictional facts must be established with "competent proof"); *Sanchez,* 102 F.3d at 404 ("[T]he defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."). Indeed, the strict "presumption [against removal] can only be overcome if the [removing] defendant can prove . . . – *with summary judgment type evidence* – that the factual circumstances of the case are such that it is more likely than not that the [amount in controversy] requirement is satisfied. (citations omitted)." *Mix v. Allstate Ins. Co.,* No. CV 00-835 RCTX, 2000 WL 1449880 at *1 (C.D. Cal. 2000) (emphasis added); *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations."), citing *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). Thus, "a court 'cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture.'" *Korn,* 536 F. Supp. 2d at 1205, citing *Lowdermilk v. United State Bank Nat'l Ass'n,* 479 F.3d 994, 1002 (9th Cir. 2007). Here, Defendant must provide competent evidence that the requisite amount in controversy is met in order to sustain its burden of proof.

///

///

///

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

EDCV11-01418 VAP (DTBx)

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

IV.    **ARGUMENT**

A.     **Defendant Fails To Establish CAFA Jurisdiction Because**
**Defendant Cannot Meet Its Burden To Prove That The Requisite**
**Amount In Controversy Is Met.**

As discussed above, Defendant must proffer competent evidence that the amount in controversy exceeds $5,000,000 in order to meet its burden of proof. *See Gaus,* 980 F.2d at 567.  It is beyond dispute that this court "cannot base [it]s jurisdiction on Defendant's speculation and conjecture." *Lowdermilk,* 479 F.3d at 1002.  Yet, that is precisely what Defendant requests this Court to as Defendant fails to present a single piece of evidence in the form of admissible testimony regarding putative class members' salaries, number of workweeks worked, or record keeping practices.  Defendant's failure to provide competent evidence is particularly inexcusable since Defendant, as the employer, has *ready* access to all the facts, records, and information necessary to make a showing on the issues.  In addition, Defendant's assumptions are not supported by the allegations in the Complaint.  Thus, Defendant proffers inflated and speculative conclusions, which cannot suffice to meet Defendant's burden of proof.

Defendant's amount in controversy calculations for statutory penalties resemble the flawed approach taken by the defendant in *Dupre v. GM,* 2010 U.S. Dist. LEXIS 95049 (C.D. Cal. 2010).  In *Dupre,* the Court held that the defendant failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy for CAFA jurisdiction was met.  *Id.* There, the defendant made various assumptions regarding the amount of putative class members, the number of days each employee worked per year, the number of withheld wage statements, and the number of missed meal and rest breaks. *Id.* at *11.  However, the defendant did not provide competent evidence of the facts supporting such assumptions.  Thus, the Court reasoned, "The calculation of penalties depends

heavily on the number of days Defendant withheld wages or wage statements . . . . Without evidence supporting specific numbers for these variables, the Court cannot accurately calculate the amount of civil penalties to which each class member would be entitled." *Id.* Accordingly, the Court remanded the case to the San Bernardino County Superior Court. *Id.* at *12; *see also Martinez v. Morgan Stanley & Co.*, 2010 U.S. Dist. LEXIS 80797, *12-13 (S.D. Cal. 2010) (finding that the defendant erroneously assumed that the plaintiff worked four hours of overtime each day based on plaintiff's general approximations that she worked "approximately 12 hours per weekday [and] approximately 60 hours per week," and "consistently worked in excess of eight hours in a day and/or excess of forty hours in a week.")

As in *Dupre*, Defendant alleges amounts in controversy for statutory penalties which are speculative and unsupported by the allegations in the Complaint. While Plaintiff's Complaint simply states that the putative class members are entitled to statutory penalties "for the initial violation" and "for each subsequent violation," Defendant therefrom makes several overstated suppositions. (Complaint, 15:27-16:16). For example, Defendant assumes, without providing any supporting evidence, that each putative class member worked for the entire putative class period of four years. In addition, Defendant supposes, without providing any supporting evidence, that each putative class member experienced a violation for ten pay periods. Even if that were the case (which Defendant has not demonstrated that it is more likely than not to be the case), Defendant admits that the amount in controversy for statutory penalties would only be $1,900,000. This is far below the $5,000,000 amount in controversy requirement. Then, Defendant presumes, again without any supporting evidence, that each putative class member experienced a violation for twenty-six pay periods. Defendant completely fails to provide any evidence of payroll practices or other admissible evidence to support

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    such conclusions.   Such an egregious calculation is speculation and conjecture,

2    which cannot form the basis of this Court's jurisdiction.  As in *Dupre*, this Court

3    must remand this action to state court because Defendant fails to meet its burden of

4    proof.

5         Furthermore, Defendant bases all of its amount in controversy calculations

6    on an alleged number of qualifying putative class members.      However,

7    Defendant's understanding of the putative class does not adequately resemble the

8    Complaint's putative class definition.  The Declaration of Ronald Lance avers that

9    there are "approximately 400 people who have held the position of Asset

10   Protection Coordinator ("APC") at Wal-Mart stores in California" during the

11   putative class period.    (Declaration of Ronald Lance ("Lance Decl.") ¶ 3).

12   However, such approximation does not take into account that the Complaint

13   expressly limits the class to "California-based" individuals, meaning individuals

14   who are currently based in California.   Moreover, Defendant's approximation

15   completely fails to distinguish between "Asset Protection Coordinators" who were

16   paid on an hourly basis as opposed to a salary basis, as the putative class definition

17   only encompasses those "Asset Protection Coordinators" who were paid on a

18   salary basis.  Thus, Defendant failed to provide competent evidence establishing

19   the size of the putative class, which is the foundation for its amount in controversy

20   calculations.  As such, all of Defendant's calculations necessarily fail to establish

21   that the amount in controversy more likely than not exceeds $5,000,000.

22        Although Defendant cites *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210-

23   11 (11th Cir. 2006) to contend that the preponderance of the evidence standard

24   applies, Defendant should be familiar with the Court's decision in *Lowery*.  (Notice

25   of Removal, 5:11-16).  In *Lowery*, "[t]he defendants' argument [was] premised on

26   the observation that, to reach the jurisdictional threshold, each of the roughly 400

27   plaintiffs need only recover, on average, $12,500."   *Id.* at 1220.  The Court

28

1   expressly found this argument insufficient to meet the defendant's burden to prove
2   by a preponderance of the evidence that the amount in controversy for CAFA
3   jurisdiction was met. *Id.* at 1221. The Court reasoned:

4        It may be true, in light of the nature of the claims the plaintiffs assert
5        . . . that a recovery of $12,500 per plaintiff appears to be a relatively
6        low hurdle. Nevertheless, we fail to see how we can justify a
7        conclusion that the per-plaintiff recovery will exceed even so low a
8        total. To reach such a conclusion, we would necessarily need to
9        engage in impermissible speculation - evaluating without the benefit
10       of any evidence the value of individual claims.

11  *Id.* at 1220. Furthermore, the Court stated:

12       [W]e are at a loss as to how to apply the preponderance burden
13       meaningfully. We have no evidence before us by which to make any
14       informed assessment of the amount in controversy. All we have are
15       the representations relating to jurisdiction in the notice of removal and
16       the allegations of the plaintiffs' third amended complaint. As such,
17       any attempt to engage in a preponderance of the evidence assessment
18       at this juncture would necessarily amount to unabashed guesswork,
19       and such speculation is frowned upon.

20  *Id.* at 1210-11. Accordingly, the Court affirmed the district court's remand
21  of the case to state court. *Id.* at 1221.

22       As in *Lowery*, for the alleged amount in controversy for unpaid wages,
23  overtime, and meal and rest breaks, and record keeping violations, Defendant only
24  contends, "[E]ach of the 400 existing putative class members need only seek
25  $12,500 in such collective damages to reach the $5,000,000 amount in
26  controversy." (Notice of Removal, 6:10-11). Other than the Declaration of Ronald
27  Lance, which estimates there are 400 putative class members, Defendant provides

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   no other calculations or admissible whatsoever to support this contention.  As in

2   *Lowery*, this Court cannot make an informed amount in controversy determination

3   from this bare allegation.  Thus, like in *Lowery*, Defendant has not met its burden

4   of proof, and this Court must remand this case to state court.

5          Ultimately, Defendant presents an entirely conjectural argument.  Federal

6   jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) cannot be triggered in such a

7   cavalier manner, and Defendant should be familiar with the burden it carries to

8   invoke CAFA jurisdiction.  Recently, in a similar employment-related case entitled

9   *Campbell v. Vitran Express, Inc.* 2010 U.S. Dist. LEXIS 132071, *12 (C.D. Cal.

10  2010), the Honorable R. Gary Klausner, United States District Judge in this

11  District, remanded the case back to the Los Angeles County Superior Court.  Judge

12  Klausner ruled: "Defendant has left the Court to speculate as to the amount of

13  unpaid wages owed.  Such uncertainty cannot overcome the heavy burden of

14  establishing removal, as 'we cannot base our jurisdiction on Defendant's

15  speculation and conjecture.'"  *Campbell*, 2010 U.S. Dist. LEXIS 132071 at *11-12.

16         Because Defendant has presented scant credible evidence to support its

17  assumptions, it fails to provide competent evidence to show that the requisite

18  amount in controversy is met.  Thus, this Court must remand this case to state

19  court.

20  **B.**     **The Court Should Not Exercise Jurisdiction Over The PAGA**

21          **Claim Because Plaintiffs Are Acting As The Private Attorneys**

22          **General Of The State Of California In An Action To Collect Civil**

23          **Penalties For The State.**

24          **i.**     **Plaintiff pursues this action as a representative action**

25                   **under PAGA**

26         The court may order remand for lack of subject matter jurisdiction and "for

27  any defect other than lack of subject matter jurisdiction," such as defects in

28

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    removal procedure.   28 U.S.C. § 1447(c).   Plaintiff pursues this action as a
2    representative action under PAGA.  The California Supreme Court has held that a
3    plaintiff is entitled to pursue a PAGA claim on a representative basis without
4    complying with class requirements or obtaining class certification.  *Arias v. The*
5    *Superior Court of San Joaquin County, et al.*, 46 Cal. 4th 969 (2009); *see also* Cal.
6    Lab. Code § 2698 et seq.

7         Furthermore, the court may also remand based on abstention principles.
8    "[F]ederal courts have the power to dismiss or remand cases based on abstention
9    principles  only  where  the  relief  being  sought  is  equitable  or  otherwise
10   discretionary."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (U.S. 1996).
11   A PAGA claim is a discretionary action.  *See* Cal. Lab. Code § 2699(e)(1) ("For
12   purposes of this part, whenever the Labor and Workforce Development Agency, or
13   any of its departments, divisions, commissions, boards, agencies, or employees,
14   has discretion to assess a civil penalty, a court is authorized to exercise the same
15   discretion,  subject  to  the  same  limitations  and  conditions,  to  assess  a  civil
16   penalty.").  As such, this Court does not have jurisdiction under the CAFA and
17   under abstention principles.

18        **ii.     A PAGA claimant is an alter ego or agent of the State of**
19                  **California**

20        CAFA provides for removal in a class action where any defendant is a
21   citizen of another state than a plaintiff.  28 U.S.C. § 1332(d)(2).  This law has
22   changed  the  rule  of  complete  diversity  regarding  certain  class  actions.
23   Nonetheless, under any rule, a state or the alter ego of the state is not a citizen for
24   purposes of diversity.  *See, e.g., Am. Vantage Cos. v. Table Mt. Rancheria*, 292
25   F.3d 1091 (9th Cir. 2002) ("The states – themselves domestic sovereigns – 'cannot
26   sue or be sued in diversity' [citation] because they are not citizens of any state.')

27        Removal jurisdiction raises significant federalism concerns, and the courts

28
                                        11                    EDCV11-01418 VAP (DTBx)

1  "must strictly construe removal jurisdiction." *Lowdermilk*, 479 F.3d at 998.  If

2  federal jurisdiction is doubtful, then remand is necessary.  *Gaus*, 980 F.2d at 566.

3  California Labor Code § 2698 provides, "This part shall be known and may be

4  cited as the Labor Code Private Attorneys General Act of 2004."  Stats. 2003 ch.

5  906(d) provides:

6       It is therefore in the public interest to provide that civil penalties for

7       violations of the Labor Code may also be assessed and collected by

8       aggrieved employees acting as private attorneys general, while also

9       ensuring that state labor law enforcement agencies' enforcement

10      actions have primacy over any private enforcement efforts undertaken

11      pursuant to this act.

12      Thus, under PAGA an "aggrieved employee" may bring a civil action

13  personally and on behalf of other current or former employees to recover civil

14  penalties for Labor Code violations.  Cal. Lab. Code § 2699(a).  Seventy-five

15  percent of the civil penalties goes to the Labor and Workforce Development

16  Agency, with the remaining twenty-five percent going to "aggrieved employees."

17  Cal. Lab. Code § 2699(i).  The Courts have defined a PAGA action as follows:

18      [A]n enforcement action, with the aggrieved employee acting as a

19      private attorney general to collect penalties from employers who

20      violate labor laws. Such an action is fundamentally a law enforcement

21      action designed to protect the public and penalize the employer for

22      past illegal conduct. Restitution is not the primary object of a PAGA

23      action, as it is in most class actions.

24  *Franco v. Athens Disposal Co., Inc.*, 171 Cal. App. 4th 1277, 1300 (2009).

25      Under California law, "in a 'representative action,' the plaintiff seeks [to]

26  recover on behalf of other person[s]."  *Arias*, 46 Cal. 4th at 5 fn.2.  "'The final bill

27  analysis for the 2003 legislation states: 'This bill allows employees to sue their

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  employers for civil penalties for employment law violations. This bill is intended

2  to augment the enforcement abilities of the Labor Commissioner by creating an

3  alternative 'private attorney general' system for labor law enforcement. . . .'"

4  *Franco*, 171 Cal. App. 4th at 1300.

5  "An employee plaintiff suing . . . under [PAGA] of 2004, does so as the

6  proxy or agent of the state's labor law enforcement agencies. . . . In a lawsuit

7  brought under the act, the employee plaintiff represents the same legal right and

8  interest as state labor law enforcement agencies – namely, recovery of civil

9  penalties that otherwise would have been assessed and collected by the Labor

10  Workforce Development Agency." *Arias*, 46 Cal. 4th at 986. In *Arias*, the

11  California Supreme Court precisely defined the effect of a PAGA claim as it

12  relates to the state and the represented employees. That is:

13      The act authorizes a representative action only for the purpose of

14      seeking statutory penalties for Labor Code violations (Lab. Code, §

15      2699, subds. (a), (g)), and an action to recover civil penalties "is

16      fundamentally a law enforcement action designed to protect the public

17      and not to benefit private parties.

18  *Id.*

19      In enacting the PAGA, the Legislature intended employees to represent the

20  State of California, as well as other employees, in enforcing the Labor Code and

21  collecting civil penalties that only the Labor Commission previously could collect.

22  Thus, as the California Supreme Court noted, a PAGA claimant is the alter ego of

23  the State, just as the Labor Commissioner would be the State's alter ego if the

24  Commissioner brought suit to collect the civil penalties.

25        **iii. Federal courts lack jurisdiction over a PAGA claimant**

26      At least two District Courts have found that they lack jurisdiction over a

27  PAGA claimant. In *Sample v. Big Lots Stores, Inc.*, 2010 U.S. LEXIS 131130

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  (N.D. Cal. 2010), the Honorable Saundra Brown Armstrong remanded a PAGA
2  action on the ground that PAGA actions are not class actions subject to removal
3  under CAFA.   "A suit brought under PAGA does not implicate the concerns
4  underlying the enactment of CAFA.  By definition, Plaintiff's claim is limited to
5  Labor Code violations involving employees in California.....Consequently, this
6  action does not present the scenario that CAFA was intended to address; to wit, the
7  litigation of a nationwide class action in a state court." *Sample v. Big Lots Stores,*
8  *Inc.*, 2010 U.S. LEXIS 131130 at *10-11.  Following Judge Armstrong's "very
9  thorough analysis," the Southern District recently remanded a PAGA action on the
10  ground that it did not constitute a class action for purposes of removal under
11  CAFA.   *Zator v. Sprint/United Management Company*, 2011 U.S. Dist. LEXIS
12  33383, *12 (S.D. Cal. 2011.)

13          As explained above, the PAGA claim actually is a state police action
14  brought against Defendant by Plaintiff as the alter ego or agent of the State of
15  California.  Thus, this case is not a typical action in which the district court would
16  exercise supplemental jurisdiction under 28 U.S.C. § 1367.  Section 1367 provides
17  that "the district courts shall have supplemental jurisdiction over all other claims
18  that are so related to claims in the action within such original jurisdiction that they
19  form part of the same case or controversy under Article III of the United States
20  Constitution." 28 U.S.C. § 1367.

21          The Tenth Amendment of the Constitution of the United States provides,
22  "The powers not delegated to the United States by the Constitution, nor prohibited
23  by it to the States, are reserved to the States respectively, or to the people."  A
24  state's police power has always been acknowledged as a right reserved to the state
25  under the Tenth Amendment.  *Raich v. Gonzales*, 500 F.3d 850, 866-67 (9th Cir.
26  2007).  Indeed, the PAGA claim is a State police and revenue action.  Thus, comity
27  and federalism weigh heavily in favor of declining jurisdiction or abstaining.

28

1  Clearly, the State of California is entitled to have its statutory police actions
2  adjudicated by the state court.

3  **V.  CONCLUSION**

4      For the foregoing reasons, this lawsuit should be remanded back to
5  California state court.  Not only does Defendant fail to meet its burden to prove
6  that the requisite amount in controversy for CAFA jurisdiction is met; this court
7  lacks jurisdiction over the PAGA claim.  Thus, Plaintiff respectfully requests that
8  this Court exercise its discretion and remand this case under 28 U.S.C. § 1447(c).

9      Respectfully Submitted,

10  Dated:  September 22, 2011      **LAWYERS** *for* **JUSTICE, PC**

12  By: _____
13      Jill J. Parker
    *Attorneys for* Plaintiff

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203